IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ JAN 2 5 2013 ★

BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x

MINNA CATANESE,

               Plaintiff,

      -against-

BOARD OF DIRECTORS TIME WARNER;
ESTHER BAER,

              Defendants.
----------------------------------------------------------x

**MEMORANDUM AND ORDER**
13 CV 292 (JBW)

WEINSTEIN, United States District Judge:

On January 14, 2013, plaintiff filed this *pro se* action. The Court grants plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915, solely for the purpose of this order. The complaint is dismissed for lack of subject matter jurisiction.

Background

It is difficult to discern what claims plaintiff is asserting in her complaint. Plaintiff appears to allege that the apartment directly below hers was renovated, and that as a result plaintiff suffered carbon monoxide poisoning. Compl. at 2. Plaintiff further alleges that her personal information including her social security number, her bank account and her mail was stolen. Compl. at 3. Plaintiff seeks to have her "identity restored, [her] electricity and gas restored." Compl. at 3. Moreover, plaintiff wants the "rumors to stop," and to know "who is breaking into her apartment" and "censoring" her mail. Compl. at 3.

Standard of Review

Under 28 U.S.C. § 1915(e)(2)(B), a district court shall dismiss an *in forma pauperis*

1



action where it is satisfied that the action "(i) is frivolous or malicious; (ii) fails to state a claim

on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune

from such relief." An action is "frivolous" when either: (1) "the 'factual contentions are clearly

baseless,' such as when allegations are the product of delusion or fantasy"; or (2) "the

claim is 'based on an indisputably meritless legal theory.'" Livingston v. Adirondack Beverage

Co., 141 F.3d 434, 437 (2d Cir. 1998) (internal citation omitted).

It is axiomatic that *pro se* complaints are held to less stringent standards than pleadings

drafted by attorneys and the Court is required to read the plaintiff's *pro se* complaint liberally and

interpret it raising the strongest arguments it suggests. Erickson v. Pardus, 551 U.S. 89 (2007);

Hughes v. Rowe, 449 U.S. 5, 9 (1980); Sealed Plaintiff v. Sealed Defendant #1, 537 F.3d 185,

191-93 (2d Cir. 2008).

Moreover, at the pleadings stage of the proceeding, the Court must assume the truth of

"all well-pleaded, nonconclusory factual allegations" in the complaint. Kiobel v. Royal Dutch

Petroleum Co., 621 F.3d 111, 123 (2d Cir. 2010) (citing Ashcroft v. Iqbal, 556 U.S. 662, 129

S.Ct. 1937, 1949–50 (2009)). A complaint must plead sufficient facts to "state a claim to relief

that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim

has facial plausibility when the plaintiff pleads factual content that allows the court to draw the

reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S.Ct. at

1949 (citations omitted). While "detailed factual allegations" are not required, "[a] pleading that

offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will

not do.'" Id. (quoting Twombly, 550 U.S. at 555).

Discussion

Federal courts are courts of limited jurisdiction and may not preside over cases if they lack subject matter jurisdiction. Bender v. Williamsport Area Sch. Dist., 475 U.S. 534, 541 (1986); Lyndonville Sav. Bank & Trust Co. v. Lussier, 211 F.3d 697, 700-01 (2d Cir. 2000). Lack of subject matter jurisdiction cannot be waived and may be raised at any time by any party or by the Court *sua sponte*. Bender, 475 U.S. at 541

The basic statutory grants of subject matter jurisdiction are contained in 28 U.S.C. §§ 1331 and 1332. Arbaugh v. Y & H Corp., 546 U.S. 500, 513 (2006). Section 1331 provides federal question jurisdiction and Section 1332 provides jurisdiction based on diversity of citizenship. Id. Moreover, "[t]he party invoking federal jurisdiction bears the burden of establishing that jurisdiction exists." Conyers v. Rossides, 558 F.3d 137, 143 (2d Cir. 2009) (quoting Sharkey v. Quarantine, 541 F.3d 75, 82 (2d Cir. 2008)) (internal quotation marks omitted). Here, plaintiff has not alleged complete diversity jurisdiction. While plaintiff is domiciled in New York state she alleges that one defendant resides in New York and one defendant resides in Peru. See Conyers, 558 F.3d at 143 (the party invoking federal jurisdiction has the burden of establishing jurisdiction); Cushing v. Moore, 970 F.2d 1103, 1106 (2d Cir. 1992) ("complete diversity [required] between all plaintiffs and all defendants"); see also Gurney's Inn Resort & Spa Ltd. v. Benjamin, 743 F.Supp.2d 117, 120 (E.D.N.Y. 2010).

The Supreme Court has provided that "[i]n the absence of diversity of citizenship, it is essential to jurisdiction that a substantial federal question should be presented." Hagans v. Lavine, 415 U.S. 528, 537 (1974) (quoting Ex parte Poresky, 290 U.S. 30, 31-32 (1933)). "A plaintiff properly invokes § 1331 jurisdiction when [he] pleads a colorable claim 'arising under'

3

the Constitution or laws of the United States." Arbaugh, 546 U.S. at 513 (citing Bell v. Hood, 327 U.S. 678, 681-85 (1946)). As submitted, plaintiff's complaint fails to present a federal question. Although this Court is sympathetic to plaintiff's situation, it lacks federal subject matter jurisdiction to adjudicate this case.

Conclusion

Accordingly, the complaint filed *in forma pauperis* is dismissed for lack of subject matter jurisdiction. Fed.R.Civ.P. 12(h)(3); 28 U.S.C. § 1915(e)(2)(b). The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

JACK B. WEINSTEIN
United States District Judge

Dated: Brooklyn, New York
                    2013